USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SERGIO MEDRANO,               :    **REPORT AND**
                              :    **RECOMMENDATION**
            Petitioner,       :
                              :    13 Civ. 1604 (LTS) (JLC)
    -v-                       :    06 Cr. 0061 (RJH)
                              :
UNITED STATES OF AMERICA,     :
                              :
            Respondent.       :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Laura T. Swain, United States District Judge:**

    Petitioner Sergio Medrano has moved for relief from his conviction under 28 U.S.C. § 2255 on the grounds of ineffective assistance and conflict of interest of counsel. By motion dated April 16, 2013, Medrano sought the appointment of counsel to represent him with respect to his § 2255 motion. (Dkt. No. 9). He renewed his request for the appointment of counsel in a motion dated June 29, 2013. (Dkt. No. 86 in 06 Cr. 0061 (RJH)). The government has not filed any response to Medrano's request for counsel. For the reasons discussed below, I recommend that Medrano's motion seeking the appointment of counsel be granted.

## Background

    On July 23, 2013, I issued an order in response to a letter from Avrom Robin, Esq., one of Medrano's former counsel. Robin had sought guidance from the Court about whether he should submit an affidavit as requested by the government even though he had not received a waiver of the attorney-client privilege from Medrano (which had been due by July 15, 2013). (Dkt. No. 16). In the July 23 Order, I concluded that Medrano, by asserting claims of ineffective assistance and conflict of interest of counsel, had waived the attorney-client privilege for matters

1

USDC SDNY
DATE SCANNED 7/31/13

related to those claims and that Robin could submit an affidavit concerning his relevant communications with Medrano in the absence of a waiver. (Dkt. No. 17).

After issuing the July 23 Order, the Court subsequently received a letter from Medrano, dated July 18, 2013, in which he included a signed waiver of the attorney-client privilege. Because, as noted, the Court found in its July 23 Order that a formal waiver was not required before Medrano's former counsel could provide an affidavit to the government, Medrano's signed waiver has no effect on the Court's decision directing Robin to submit his affidavit by August 2, 2013.

## Renewed Motion for Appointment of Counsel

In Medrano's July 18 letter, he also included a "Renewed Motion for Appointment of Counsel." In this motion, Medrano renews a request made in his prior motion seeking the appointment of counsel: specifically, that Matthew Brissenden, Esq., counsel for Medrano on direct appeal, be appointed as counsel to represent him with respect to his §2255 petition.[1]

Under 28 U.S.C. §2255 and 18 U.S.C. §3006(A)(2), a federal court may appoint counsel for a §2255 petition for a financially eligible habeas corpus petitioner when "the interests of justice so require." 18 U.S.C. §3006(A)(2). Further, Rule 8 of the Rules Governing Section 2255 Cases in the United States District Courts require the appointment of counsel when an evidentiary hearing is warranted. *See Vargo v. United States*, Case No. 06 Civ. 04846 (NGG), 2007 WL 2366331, at *1 (E.D.N.Y. Aug. 16, 2007).

---

[1] Medrano also requests that the Court: (1) permit counsel a reasonable period of time to review and make objections to Medrano's waiver of the attorney-client privilege; (2) withhold the waiver until the "Motion for Appointment of Counsel" is addressed, heard, and decided; (3) direct the Government to present evidence related to Medrano's allegation that Robin had a conflict of interest while representing Medrano at trial; and (4) hold a *Sullivan* hearing. These requests should be denied without prejudice and subject to appointed counsel making any such arguments.

2

> In deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

In this case, I recommend the appointment of counsel. When Medrano presented his claims of ineffectiveness of counsel on direct appeal, the Court of Appeals declined to decide those claims based on the record before it, noting that "[t]his case demands further factual development" and, as such, Medrano's ineffective assistance of counsel claims were "better presented in a 28 U.S.C. § 2255 petition presenting all factual and evidentiary matters to be assessed in one proceeding." *United States v. Medrano*, 511 Fed.Appx. 40, 43 (2d. Cir. 2013).

As indicated by its decision, the Second Circuit believed that Medrano was entitled to further factual development to determine the merits of his ineffectiveness claims. Moreover, Brissenden, who handled Medrano's case on appeal, explicitly informed Medrano that "if the District Court determines that [Medrano is] entitled to counsel, and deems that it would be appropriate to appoint [his] office because [he] handled the case on appeal, then [he] would, of course, accept the assignment." *See* Motion for Appointment of Counsel, Dkt. No. 9, at 5. Because Brissenden represented Medrano on direct appeal, is most familiar with the facts underlying Medrano's claims, and consents to the appointment, I believe there is good cause shown for him to be appointed to represent Medrano in this matter.

At this time, Brissenden is not a member of the Southern District's Criminal Justice Act ("CJA") panel.[2] However, Section VII.D of the Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act ("the CJA Plan") provides that when a judge makes a written finding that "there is good cause shown which renders it in the interests of justice that counsel who is not employed by the FDNY or a member of the CJA Panel be assigned, the district judge or magistrate judge may appoint that counsel with the consent of the person to be so represented and the approval of the Chief Judge of the District." As set forth above, there is good cause to appoint Brissenden to represent Medrano on his §2255 petition, and I thus recommend that the Court sign the attached order for the appointment of counsel. As noted, this Order also requires the approval of the Chief Judge of the Court.[3]

Dated: New York, New York
       July 31, 2013

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] I note that Brissenden was appointed as counsel under the CJA in the Second Circuit by Order dated February 14, 2012.

[3] While the CJA Plan permits a magistrate judge to appoint counsel in these circumstances, the undersigned believed it prudent to prepare a Report and Recommendation regarding the appointment given that the CJA Plan contemplates review of such an appointment by the district judge.

**A copy of this Order has been mailed to the following:**

Sergio Medrano
#18453-424
FCI LORETTO
Federal Correctional Institution
P.O. Box 1000
Loretto, PA  15940

Matthew W. Brissenden, P.C.
666 Old Country Road, Suite 501
Garden City, New York 11530
matthew.w.brissenden@gmail.com

**By ECF to:**

Avrom Robin, Esq.
AUSA John Cronan
AUSA Michael Maimin

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
:
UNITED STATES OF AMERICA
:
    -against-
:                                   **ORDER**
:
:                                   Docket # _____
------------------------------------x

    Brought before this Court is an application for the appointment of counsel pursuant to the Criminal Justice Act. Upon the request of the undersigned attorney and the consent of the defendant, and

    According to Section VII(D) of the Southern District of New York's Revised Plan for Furnishing Representation pursuant to the Criminal Justice Act (CJA Plan), the Court having found that there is good cause which renders it in the interests of justice to appoint an attorney not employed by the Federal Defenders of New York, Inc. or a member of the Criminal Justice Act Panel to represent the defendant,

    IT IS HEREBY ORDERED that _____ is appointed to represent the defendant. This appointment shall constitute a temporary appointment to the CJA Panel for the purposes of this case only. The attorney is hereby directed to contact the CJA Clerk, (212) 805-0640, regarding billing practices.

_____      _____
Attorney's Signature                                   Defendant's Signature

_____
Print Attorney's Name

_____
Address

_____

_____
Telephone

SO ORDERED:

_____      _____
UNITED STATES DISTRICT JUDGE      DATED

_____      _____
UNITED STATES CHIEF DISTRICT JUDGE      DATED