UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SERGIO MEDRANO,

        Petitioner,                      No. 13CV1604-LTS
                                                       No. 06CR0061-LTS

        -v-

UNITED STATES OF AMERICA,

        Respondent.

-------------------------------------------------------x

                M<small>EMORANDUM</small> O<small>RDER</small> A<small>DOPTING</small> R<small>EPORT AND</small> R<small>ECOMMENDATION</small>

        On March 8, 2013, Petitioner Sergio Medrano ("Petitioner") filed a <u>pro se</u> petition for relief pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his conviction on one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.  (<u>See</u> Docket Entry No. 1.)[1]  Prior to receiving the Government's opposition to the petition, Magistrate Judge James L. Cott issued a Report and Recommendation recommending that Petitioner be appointed counsel, which was subsequently adopted in its entirety by this Court.  (<u>See</u> Docket Entry Nos. 9, 18, 22.)  In his briefing, Petitioner raised fifteen claims in support of his Section 2255 petition, including claims of ineffective assistance of counsel and consequent violation of the Sixth Amendment.  (<u>See</u> Reply Memorandum of Law in Further Support of Petitioner's Motion ("Pet. Reply"), Docket Entry No. 30.)  On February 27, 2015, Judge Cott issued a Report and Recommendation (the "Report") recommending that this Court deny Petitioner's Section 2255 Petition.  (<u>See</u> Docket Entry No. 46.)  On March 16, 2015,

---

[1]     Unless otherwise indicated, all docket entry numbers cited herein refer to docket entries in Petitioner's civil case, 13CV1604.

MEDRANOADOPTR&R.WPD         V<small>ERSION</small> 7/27/15         1

Petitioner filed objections to the Report seeking de novo review of three specific portions of Judge Cott's analysis.  (See Petitioner's Objections to the Magistrate Judge's Report and Recommendation, ("Pet. Obj."), Docket Entry No. 47.)  The Government filed a memorandum of law in response, urging the Court to adopt the Report in its entirety and to deny Petitioner's request for relief.  (See Memorandum of Law of the United States of America in Opposition to Sergio Medrano's Objections to the Magistrate Judge's Report and Recommendation, ("Resp. Memo."), Docket Entry No. 49.)

The Court has carefully reviewed all of the parties' submissions, as well as Judge Cott's thorough and well-reasoned Report.  For the reasons set forth below, the Court overrules Petitioner's objections, adopts the bulk of the Report, and denies the Petition in its entirety.

BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case and therefore recites only a brief background.[2]  On November 23, 2004, Petitioner was pulled over for tailgating on a St. Louis, Missouri freeway and was found in possession of $117,920 in cash, stashed in a hidden compartment in his car.  (Tr. of Sept. 4, 2008 Suppression Hearing, 17-18-, 31, 33, 39-40, 47, Docket Entry No. 21, Ex. D.)  Petitioner was thereafter arrested, on February 1, 2006, and charged with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A) and 846. (Indictment dated Jan. 19, 2006, No. 06CR0061, Docket Entry No. 1 at pp. 1-3; Resp. Memo at p. 4.)  On October 15, 2008, Petitioner pleaded guilty to conspiracy to distribute five kilograms or more of cocaine.

---

[2]   The parties are directed to pages 1 through 22 of the Report for a more detailed accounting of this case's factual and procedural history.

(No. 06CR0061, Docket Entry No. 50.)  Thereafter, the Hon. Richard J. Holwell sentenced Petitioner principally to an incarceratory term of 262 months, to be followed by five years of supervised release.  (See Report at p. 18.)

Petitioner appealed his conviction to the Second Circuit.  (See id; No. 06CR0061, Docket Entry No. 77.)  Among his several arguments on appeal, Petitioner contended that the representation of his sentencing counsel, Mr. Avrom Robin ("Robin"), was tainted by an actual conflict of interest resulting from Robin's prior representation of another defendant in a related case, which Petitioner claimed violated his Sixth Amendment right to counsel.  (See Medrano Appellate Br., United States v. Medrano, 511 Fed. App'x 40 (2d Cir. 2013), No. 12-113-CR, Docket Entry No. 41.)  In affirming Petitioner's conviction and sentence, the Second Circuit declined to reach Petitioner's ineffective assistance of counsel claims, finding that they were "better presented in a 28 U.S.C. § 2255 petition."  Medrano, 511 Fed. App'x at 41-43.

Petitioner then filed the instant Petition, raising fifteen arguments, including two based on ineffective assistance of counsel with respect to Robin's representation of him.  (See Petitioner's Motion, Attachment 1 at pp. 11-13, Docket Entry No. 1.)  Judge Cott concluded that eight of Petitioner's claims were procedurally barred[3] and that his remaining ineffective assistance of counsel claims were without merit, ultimately recommending that Petitioner's Section 2255 Petition be denied in its entirety.  Petitioner has objected to subdivision II.C.2. of the Report, which recommends the dismissal of Petitioner's ineffective assistance of counsel claims with respect to Robin's representation of him.  (See Pet. Obj. at pp. 3-8.)  Petitioner has

---

[3] Judge Cott found that three of Petitioner's claims were procedurally barred because they were decided on the merits on direct appeal, and that five others were barred because Petitioner failed to raise them on appeal.  (See Report at pp. 26-28.)  Judge Cott further found that Petitioner offered no reason why the Court should consider the otherwise procedurally barred claims.  (See id. at pp. 27-28.)

raised no objections – either general or specific – to the remaining content or analysis of the Report.  (See Pet. Obj. at p. 1.)

DISCUSSION

Legal Standards

When reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C.S. § 636(b)(1)(c) (LexisNexis 2012).  The court may "adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Adams v. New York State Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)).  Where original, specific objections are raised, the court is required to conduct de novo review of "those portions or specified proposed findings or recommendations" objected to.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (internal quotation marks and citations omitted).  Where objections "simply reiterate original arguments" made in the course of prior briefing, the court reviews the objected to portions of the report for clear error.  Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).  See also Camarado v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (finding that "it is improper for an objecting party to attempt to relitigate" their case and that "parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation.") (internal quotation marks and citations omitted.).

Subsumed within the Sixth Amendment right to counsel is "the correlative right to representation that is free from conflicts of interest."  Wood v. Georgia, 450 U.S. 261, 271

(1981). The Second Circuit has identified three types of conflict that may give rise to a violation of the Sixth Amendment right to counsel: per se conflicts, actual conflicts and potential conflicts. Ventry v. United States, 539 F.3d 102, 111 (2d Cir. 2008). An actual conflict, which is the type of conflict that Petitioner argues existed here, arises "when the interests of a defendant and his attorney diverge with respect to a material factual or legal issue or to a course of action, and violate the Sixth Amendment when counsel's representation of the client is adversely effected by the existence of the conflict." Id. (internal quotation marks and citations omitted). Where an actual conflict effecting the adequacy of the representation has been established, prejudice is presumed. See Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980). However, "[t]his presumption is not conclusive. In order for a defendant to prevail on a claim that he was denied effective assistance of counsel based on counsel's actual conflict, the defendant must still establish that (a) counsel actively represented conflicting interests, and (b) such conflict adversely affected his lawyer's performance." United States v. Feyrer, 333 F.3d 110, 116 (2d Cir. 2003).

       The Second Circuit has adopted a two-pronged test to determine whether an actual conflict has adversely effected an attorney's representation:[4] the defendant must show that (1) "a plausible alternative defense strategy or tactic might have been pursued" and (2) "the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." Id. In order to demonstrate that the alternative defense strategy was plausible, "the defendant need not show that the defense necessarily would have been successful had it been used, only that 'it possessed sufficient substance to be a viable alternative.'" Id. at 116 (quoting Winkler v. Keane, 7 F.3d 304, 309 (2d Cir. 1993)).

---

[4]     The Court does not address whether Robin's representation of Petitioner was effected by either a per se or potential conflict because Petitioner raises neither argument.

Petitioner's Ineffective Assistance of Counsel Claims

Petitioner's claim that Robin labored under an actual conflict of interest resulting in ineffective assistance of counsel is grounded in Robin's prior representation of Juan Nicholas Ordenas ("Ordenas"), whom Robin had represented as local counsel in an overlapping drug conspiracy case in which Ordenas had been tried and convicted.  (See Aff. of Avrom Robin ¶¶ 7-14, Docket Entry No. 19.)  Based on the facts that Petitioner and Ordenas were allegedly involved in overlapping conspiracies, and that they both went by the nickname "Toca," Petitioner had sought to inculpate Mr. Ordenas as the "Toca" responsible for the 180 kilogram shipment of cocaine that was the basis of his own conviction and sentence.[5]  (See Pet. Reply at pp. 23-28.)

Petitioner makes three objections to subdivision II.C.2. of the Report, relating to Petitioner's ineffective assistance of counsel claim with respect to Robin: (1) that Judge Cott erred in finding that an actual conflict did not exist based on Robin's successive representation of Ordenas and Petitioner; (2) that Judge Cott erred in finding that Petitioner's defense strategy was not a plausible alternative; and (3) that Judge Cott employed the incorrect standard in determining whether Petitioner had satisfied the causation element of an ineffective assistance of counsel claim.  (See generally Pet. Obj.)  Because, as explained below, the Court finds no error in Judge Cott's conclusion that Petitioner failed to demonstrate the existence of an actual conflict that adversely effected the representation, the Court need not reach the question of whether the Report applied the appropriate causation standard, and the Petition will be dismissed.

---

[5] Although Robin did not make this argument himself, he urged Petitioner to raise it in a pro se memorandum submitted prior to his sentencing.  (See Medrano Aff., Ex. B, at XXII, Docket Entry No. 32.)

Petitioner's First Objection: Robin's Ethical Obligations Created an Actual Conflict

Petitioner's first objection to the Report reiterates an argument raised by Petitioner in his original briefing,[6] and the Court therefore reviews the corresponding portion of the Report for clear error. The Court finds no clear error in Judge Cott's ultimate determination that the arguable ethical violation presented by Robin's successive representation of Ordenas and Petitioner does not establish that Robin labored under an actual conflict.

Petitioner contends that Robin's representation of him was tainted by an actual conflict of interest due to the ethical obligations imposed by Rule 1.9(a) of the New York Rules of Professional Conduct, which prohibits an attorney "who has formerly represented a client in a matter" from "represent[ing] another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client." (Pet. Obj. at p. 4) (citing New York Rules of Professional Conduct, 1.9(a).) Petitioner contends that Robin's representation of Petitioner violated this rule in light of Robin's prior representation of Ordenas, whom Petitioner sought to inculpate as the focal point of his preferred defense strategy. Robin's pursuit of this strategy would, according to Petitioner, have resulted in an inevitable and material conflict with the interests of Robin's former client Ordenas. (Id. at p. 8.) Petitioner further maintains that Robin's representation constituted an actual conflict as a result of this ethical violation, regardless of the length or extent of his prior representation of Ordenas. (Pet. Obj. at pp. 4-5) ("the ethical constraint upon Mr. Robin – his duty not to inculpate Mr. Ordenas in the shipment of 180 kilograms of cocaine . . . existed irrespective of whether or not Mr. Robin was

---

[6] (See Pet. Reply at pp. 17 n.3, 19) ("to the extent that Mr. Robin's divided interests prevented him from pursuing the issue of Ordenas' culpability, it is clear that an actual . . . conflict of interest existed.") (citing New York Rules of Professional Conduct, 1.9(a).)

privy to confidential information.")  Petitioner thus objects to the Report's finding that, although Mr. Robin was likely aware that Petitioner wished to adopt a defense strategy adverse to Ordenas' interests, the potential ethical violation posed by his representation was not dispositive of the issue of whether or not an actual conflict existed.  (See Pet. Obj. at p. 8.)

The Court agrees with Judge Cott's conclusion that the existence of a potential ethical violation is not dispositive of the issue of actual conflict here.[7]  The question of whether an actual conflict existed in the context of Robin's successive representation of Ordenas and Petitioner requires the Court to determine, as a threshold matter, whether Petitioner's interests were, in fact, materially adverse to those of Ordenas .  See Feyrer, 333 F.3d at 116.  With respect to this issue, the Court may affirm Judge Cott's conclusion on any basis supported by the record.  See e.g., City of New York v. Beretta U.S.A. Corp., No. 00CV3641-JBW-CLP, 2005 WL 1279183, at *1 (E.D.N.Y. May 26, 2005) (quoting Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir. 1993)).  Based on the record developed below, the Court finds that Robin's successive representation of Ordenas and Petitioner would not have caused Robin to act in a manner materially adverse to Ordenas' interests, because at the time Petitioner sought to advance his defense theory inculpating Ordenas, Ordenas "had [already] been convicted and sentenced, lost his appeal, and lost his post-trial Section 2255 motion." (Mem. of Law of the United States of America in Opp'n to Sergio Medrano's Objs. to the Magistrate Judge's Report and Recommendation, ("Government's Reply"), at p. 34, and court records cited therein.).  The

---

[7]  See Quinones v. Miller, No. 01CV10752-WHP-AJP, 2003 WL 21276429, at *30 (S.D.N.Y. June 3, 2003) (noting that "the Supreme Court has repeatedly held that '[b]reach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of the assistance of counsel.'" (citing Mickens v. Taylor, 535 U.S. 162 (2002) and collecting cases)) (Report and Recommendation adopted, 2005 WL 730171 (S.D.N.Y. Mar. 31, 2005).

Court therefore finds that Petitioner's preferred defense strategy could not possibly have been materially adverse to the interests of Robin's former client Ordenas, as the strategy could have had no practical adverse effect on Ordenas' legal situation.  Thus, any potential violation of section 1.9(a) of the New York Rules of Professional Conduct arising from the successive representation did not present an actual conflict.[8]  The Court therefore overrules Petitioner's first objection, and adopts Judge Cott's conclusion that Petitioner failed to establish that Robin's prior representation of Ordenas resulted in an actual conflict.[9]

Petitioner's Second Objection: Was Petitioner's Preferred Strategy a Plausible Alternative?

Petitioner's second objection to the Report similarly reiterates an original argument, and thus the Court reviews this portion of the Report for clear error only.  (See Pet. Reply Memo at p. 23) ("[p]etitioner's preferred strategy – arguing that Ordenas was the 'real Toca' – was undeniably viable.")  On the basis of such review, the Court finds that Judge Cott did not err in concluding that Petitioner's preferred defense strategy lacked sufficient substance to be considered a "plausible alternative."

In order to establish that a defendant's alternative strategy is a plausible one, which is the first step of the inquiry as to whether an actual conflict has adversely effected an attorney's representation, a defendant must demonstrate that the strategy, while not necessarily

---

[8]  Petitioner has also failed to demonstrate that Judge Cott erred in determining that Petitioner did not satisfy the second prong of the actual conflict standard – identifying an adverse impact on the representation.  As explained below, Judge Cott concluded correctly that no plausible alternative argument was forgone.

[9]  The Court declines to adopt the analysis on pages 45-46 of the Report, which focuses on section 1.9(c) of the New York Rules of Professional Conduct rather than on the argument advanced by Petitioner, which relies upon section 1.9(a) of those rules.

likely to succeed, "possessed sufficient substance to be a viable alternative." Feyrer, 333 F.3d at 116.  Petitioner contends that his strategy, which involved attempting to inculpate Ordenas as the "Toca" responsible for the cocaine shipment for which the district court ultimately held Petitioner responsible, was supported by "counsel's memorandum, affirmation, and the exhibits attached thereto" showing that "there is real and concrete information which strongly supports the Petitioner's contention that the 180-kilogram shipment" was shipped to the drug distributor "by Ordenas . . . not the Petitioner."  (Pet. Obj. at p. 13.)  The only evidence specifically referenced by Petitioner in his objection is an affidavit, newly proffered in connection with the Section 2255 Petition, provided by a truck driver, that discusses, without specific date references or details, a shipment that was delivered for Ordenas.  (See id.)  Petitioner argues that the shipment described in the truck driver's affidavit "closely resembled" the 180-kilogram shipment for which the district court held Medrano partly responsible.  (See id.)

        Judge Cott concluded that Petitioner's alternative strategy, "the Ordenas/Toca argument," was not a "plausible alternative defense strategy" because "the record . . . contained no evidence that Ordenas had anything to do with the 180-kilogram cocaine shipment at issue" in the Government's case against Medrano.  (Report at pp. 46-47.)  In support of this conclusion, Judge Cott determined that the Government's evidence tying Medrano to the 180-kilogram shipment was persuasive and credible, giving particular weight to evidence proffered that "point[ed] to a very specific modus operandi [employed] by [Medrano]."  (Report at p. 46 n.16.) Additionally, Judge Cott found that the Government's position regarding Petitioner's modus operandi in transporting the 180-kilogram shipment "closely parallel[ed] . . . the testimony" of a cooperating witness," which connected Petitioner, rather than Ordenas, to the 180-kilogram shipment, despite any potential confusion caused by use of the "Toca" nickname.  (Id.)

Furthermore, Judge Cott found that the new affidavit proffered by Jesus Dominguez, which was relied upon heavily by Petitioner, did not conclusively establish that Ordenas was the person responsible for the 180-kilogram cocaine shipment at issue.  Judge Cott credited the Government's position that the shipment referred to by Dominguez was a separate shipment unrelated to the 180-kilogram shipment for which the district court ultimately found Medrano partly responsible.

In light of the foregoing, the Court finds that Judge Cott committed no clear error in concluding that the record lacked sufficient evidence from which the Court could infer that Petitioner's preferred alternative strategy of inculpating Ordenas was viable.  See Gindi v. United States, Nos. 11CR294, 14CV755-KAM, 2014 WL 508135, at *9 (E.D.N.Y. Feb. 5, 2014) (finding that a defense strategy was not a plausible alternative where there were "no facts to suggest" that the attorney's other client was involved in the current client's crime).  Because the Court concurs in Judge Cott's conclusion that Petitioner's strategy did not possess "sufficient substance" to be viewed a plausible alternative defense, it also concludes that Petitioner cannot establish the necessary predicate for a finding that his representation was adversely effected and that, therefore, he has not established that Robin's representation of him created an actual conflict of interest that was violative of his Sixth Amendment right to counsel.  In light of this determination, the Court need not consider whether Petitioner's proposed alternative defense was not undertaken due to the attorney's other loyalties or interests.  See Feyrer, 333 F.3d at 116; Winkler, 7 F.3d at 309.

<u>CONCLUSION</u>

For the foregoing reasons, the Court adopts the Report with the exception of the paragraph beginning on page 45 and continuing to page 46 thereof, and the passage beginning with the first full sentence on page 47 and continuing through the remainder of subdivision II.C.2. For the reasons stated above and those stated by Judge Cott in his well-reasoned Report, the Court overrules Petitioner's objections and denies his Petition for relief in its entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to terminate this motion in case number 06CR0061, to enter judgment denying the Section 2255 Petition, and close case number 13CV1604.

SO ORDERED.

Dated: New York, New York
      July 27, 2015

           /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        United States District Judge